FILED
AUG 14 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Otis James Brandon,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:08cv1078 (LO/IDD) |
| ) | |
| **K. Runion,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Otis James Brandon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of possession of a firearm by a convicted felon entered following a bench trial in the Circuit Court of Franklin County, Virginia. On January 27, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Brandon was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response captioned as a Traverse to Rule 5 Answer with an accompanying memorandum of law. For the reasons that follow, Brandon's claims must be dismissed. In addition, Brandon has filed motions to compel the Commonwealth to provide him with copies, to grant the writ, to order an evidentiary hearing, and for the appointment of counsel, all of which will be denied.

### I. Background

On May 3, 2005, Brandon was found guilty following a bench trial of possession of a firearm by a convicted felon. Commonwealth v. Brandon, Case No. CR05 05 3428. The opinion of the Virginia Court of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

> [A]t approximately 9:00 p.m. on December 17, 2004, the police executed a search warrant at a residence. Appellant was the only

occupant of the residence when the police arrived. Two juveniles, appellant's cousin and brother, were later detained near the scene.

Appellant was in game room when the police arrived. In a bedroom next to the game room, the police located a loaded shotgun. On the floor near the gun was a mattress and clothing. Appellant's identification card was on the mattress two to three feet from where the shotgun was found. The police informed appellant that he was under arrest. He then retrieved his shoes from the bedroom where his identification and the gun were located.

Brandon v. Commonwealth, R. No. 2191-05-3 (Va. Ct. App. Feb. 1, 2006). On July 7, 2005, Brandon was sentenced to serve four (4) years in prison with two (2) years suspended, for a total active sentence of two (2) years incarceration.

Brandon prosecuted a direct appeal of his conviction, raising the following claims:

1. The Court erred when it did not strike the Commonwealth's case because the evidence was insufficient as a matter of law to prove that he exercised dominion and control over the shotgun; the Commonwealth's evidence simply showed his proximity to the shotgun and a mere suspicion of guilt.

2. The evidence is insufficient to sustain his conviction of constructive possession of a firearm after being convicted of a felony, in violation of Virginia Code Section 18.2-308.2, and the conviction should be reversed.

The Court of Appeals upheld Brandon's convictions in a *per curiam* unpublished opinion on February 1, 2006. Brandon v. Commonwealth, supra. On August 30, 2006, the Supreme Court of Virginia refused Brandon's petition for further appeal. Brandon v. Commonwealth, R. No. 061045 (Va. Aug. 30, 2006).

Brandon then pursued a habeas corpus application in the Circuit Court for Franklin County,

claiming as follows:

1. He received ineffective assistance of counsel where his attorney failed to:

    a. challenge the sufficiency of the Commonwealth's circumstantial evidence;

    b. obtain all photographs taken of the crime scene;

    c. cross-examine Officer Brummitt properly;

    d. question witnesses regarding fingerprint evidence;

    e. question the date-stamp on the Commonwealth's photographs; and

    f. ask questions concerning the identification card.

2. His conviction was the result of errors of fact made by the court.

3. The evidence was insufficient to sustain the conviction.

4. His guilt was not proven beyond a reasonable doubt.

By detailed written Order dated December 14, 2007, Brandon's habeas corpus application was denied. Specifically, the Court determined that Brandon's allegations of ineffective assistance of counsel were without merit; the claims that the judge made errors of fact and that reasonable doubt existed were not cognizable on habeas corpus review pursuant to <u>Slayton v. Parrigan</u>, 215 Va. 27, 205 S.E. 2d 680 (1974); and the argument that the evidence was insufficient had been litigated

on direct appeal and hence was successive, pursuant to Henry v. Warden, 265 Va. 246, 576 S.E. 2d 495 (2003). Brandon v. Johnson, Case No. 07000878-00. Brandon appealed that result to the Supreme Court of Virginia, which refused the appeal on July 10, 2008. Brandon v. Johnson, R. No. 080539 (Va. July 11, 2008).

On October 1, 2008, Brandon filed the instant federal habeas petition,[1] raising the same claims he made in his state habeas corpus application, namely that: (1) trial counsel rendered ineffective assistance for several reasons; (2) his conviction was the result of errors of fact by the court; (3) the evidence adduced at trial was insufficient to sustain the conviction; and (4) his guilt was not proven beyond a reasonable doubt. Respondent has filed a Rule 5 Answer and a Motion to Dismiss Brandon's claims, and Brandon has filed a traverse and supporting memorandum of law. Based on the pleadings and record before this Court, it is uncontested that Brandon exhausted all of his claims in the state forum, as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review.

---

[1] For federal purposes, a pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Brandon declared that he placed his petition in the prison mail system on October 1, 2008, Pet. at 15, and the petition was date-stamped as received by the Clerk on October 8, 2008. Pet. at 1.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

## II. Procedural Bar

In his second and fourth claims before this Court, respectively, Brandon argues that the trial court made errors of fact that resulted in Brandon's conviction, and that reasonable doubt of his guilt existed. When Brandon first made these same claims in his petition for a writ of habeas corpus to the Franklin County Circuit Court, they were dismissed on the following holding:

> As to petitioner's claims B and D where he says that the judge made and [sic] error in fact and that there was reasonable doubt in his case, these are claims which must be raised at trial and on appeal and are not cognizable in a petition for writ of habeas. Slayton v. Parrigan, 215 Va. 27, 205 S.E. 2d 680 (1974).

Brandon v. Johnson, Order at ¶ 14. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Under these circumstances, the second and fourth claims of Brandon's federal petition are procedurally barred from review on the merits.

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d

192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his traverse to respondent's invocation of the procedural bar defense to claims 2 and 4, Brandon appears to assert essentially that his procedural default should be excused because appellate counsel provided ineffective assistance by omitting those arguments on direct appeal. Traverse at 21. However, as such a claim of ineffective appellate representation has not been presented to and exhausted in the state courts, it cannot serve as cause for the procedural default of the second and fourth claims of this petition. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990). Thus, petitioner has failed to demonstrate cause for excusing his procedural default of claims 2 and 4 of this petition, and those claims will be dismissed. The remainder of Brandon's claims will be reviewed on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

### A. Claim 1

In his first, compound claim, Brandon argues that he received ineffective assistance of trial counsel for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were,

7

in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In his first subclaim, Brandon contends that his lawyer provided ineffective assistance by failing to challenge the sufficiency of the Commonwealth's circumstantial evidence. When Brandon made the same argument in his state application for habeas corpus relief, the trial court first

discussed the requirements of Strickland, and then found the claim to be without merit, as follows:

> As to petitioner's claim A(1) where he says that the Commonwealth's case was circumstantial and counsel failed to challenge it vigorously, the claim is without merit. Trial counsel fully investigated petitioner's case prior to trial and knew of all the evidence that was against him. Counsel also knew that the case was circumstantial. In counsel's interview with Brandon's brother, who was another juvenile that had fled the scene when the police arrived, Brandon's brother said that he would testify that he had worn Brandon's clothing and had Brandon's ID card in his jeans. (See Ex. 1, copy of affidavit). Consequently, counsel's trial strategy was to undermine the Commonwealth's circumstantial case by positive defense evidence. Counsel's trial strategy is not subject to second guessing in a petition for writ of habeas corpus. See Taylor v. Illinois, 484 U.S. 400, 418 (1988).
>
> Aside from the fact that counsel's tactical decision was reasonable, petitioner has failed to demonstrate any prejudice. Petitioner has failed to demonstrate how counsel should have challenged the Commonwealth's evidence and had he challenged it in such a way that the petitioner may suggest what evidence would have been uncovered. Petitioner has not demonstrated that there is a reasonable probability of a different outcome had counsel pursued the defense in a different way.

Brandon v. Johnson, Order at ¶ 8.

In the sworn declaration to which the foregoing order referred, Brandon's trial counsel, James P. Cargill, Esquire, attested in pertinent part as follows:

> I had fully investigated [Brandon's] case prior to trial and I knew what the evidence was going to be against him. I knew that the Commonwealth's case was circumstantial. During my investigation, I interviewed Brandon's brother, who, with another juvenile, fled the scene when the police arrived and executed a search warrant. In my conversations with Brandon and his brother, Brandon's brother advised that he would testify that he wore Brandon's clothing and Brandon's ID was in the jeans. There items were found in a bedroom along with the shotgun which was alleged to have been in Brandon's possession. It was my firm belief that if Brandon's brother had testified in accordance with what he had again confirmed to me his testimony would be just minutes before Brandon's trial started that

9

then Brandon would be acquitted.

Cargill Aff. ¶ 2.

It is well established that "'strategic choices made after thorough investigation ... are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), pet. for cert. filed, 77 USLW 3268 (Oct. 24, 2008), quoting Strickland, 446 U.S. at 690-91. This Court must accept the state court's factual findings that counsel's "fully investigated petitioner's case prior to trial and knew of all the evidence that was against him." See Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989). For that reason, and because counsel's decision to call Brandon's brother as an exculpatory witness was a tactical decision that cannot support habeas corpus relief, see Goodson v. United States, 564 F.2d 1071 (4th Cir. 1977), the state courts' rejection of Brandon's first subclaim of ineffective assistance was neither contrary to nor an unreasonable application of the controlling federal law upon which it expressly relied, Strickland, supra, nor was it based on an unreasonable determination of the facts. Therefore, that same result must be reached here. Williams, 529 U.S. at 412-13.[3]

In his second subclaim, Brandon asserts that his lawyer rendered ineffective assistance by failing to obtain all photographs taken of the crime scene. The state court deemed this argument to be unavailing for the following reasons:

> As to petitioner's claim A(2) where he says counsel failed to obtain
> all the photographs of the crime scene, the claim is without merit.
> Trial counsel had viewed all photographs given to him by the

---

[3]In point of fact, what undermined counsel's strategy was that, despite what was understood as the result of the pretrial interview, Brandon's brother testified at trial that he was not wearing Brandon's jeans and did not find Brandon's I.D. card. Tr. 53.

> Commonwealth. The Commonwealth had an open file policy and trial counsel had seen all photographs prior to trial. (See Ex. 1, copy of affidavit). Additionally, trial counsel had no basis to believe that the Officer's testimony concerning the location of items was any different from what they testified to. (See Ex. 1, copy of affidavit). Petitioner has failed to demonstrate deficient performance. Additionally, petitioner has failed to demonstrate any prejudice. Even assuming arguendo that more questions could have been asked concerning the photographs, petitioner has not demonstrated any evidence of any false testimony by the police or that their testimony would have been any different. Petitioner has not proven any prejudice.

Brandon v. Johnson, Order at ¶ 9. Because Brandon has failed to carry his burden to demonstrate that the foregoing holding was contrary to, or an unreasonable application of, controlling federal authority, or was based on an unreasonable determination of the facts, federal relief on that basis is unavailable. Williams, 529 U.S. at 412-13.

In his third subclaim, Brandon argues that his representation was constitutionally deficient because his lawyer failed to cross-examine Officer Brummitt properly. The state habeas trial court found this contention to be without merit, as follows:

> As to petitioner's claim A(3) where he says counsel was ineffective for failing to properly cross-examine Officer Brummett [sic], such issues of cross-examining and the handling of witnesses is a matter of trial tactics not subject to second guessing in a petition for writ of habeas corpus. See Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978). See also United States v. Pearce, 412 F.2d 895 (4th Cir. 1969); United States v. Clayborne, 509 F.2d 473, 479 (D.C. Cir. 1974). Petitioner has not demonstrated deficient performance or prejudice.

Brandon v. Johnson, Order at ¶ 10. As the state court correctly recognized, federal law holds that cross-examination of witnesses is a tactical decision of counsel, which is afforded great deference by reviewing courts. Strickland, 466 U.S. 689; Spencer, 18 F.3d at 233. Therefore, the state court's

11

denial of Brandon's claim that counsel's method of cross-examining Officer Brummett amounted to ineffective assistance was a reasonable application of controlling federal precedent, and the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

In his fourth subclaim, Brandon faults his trial counsel for failing to question witnesses regarding fingerprint evidence. The state habeas trial court denied relief on this argument for the following reasons:

> As to petitioner's claim A(4) where he says that there were no questions concerning fingerprints. This question was asked of Officer Pruett on cross-examination. Additionally, it was argued to the Court in final argument. (Tr. 64). Counsel's performance was not deficient. Additionally, petitioner has not demonstrated any prejudice. There is not [sic] merit to petitioner's claim.

Brandon v. Johnson, Order at ¶ 11.

The transcript of Brandon's trial reveals the following exchange during the cross-examination of Officer Pruett:

> Q. [by Mr. Cargill]: And you picked up the shotgun?
>
> A. [by Officer Pruett]: I picked up the shotgun.
>
> Q. You didn't run tests on the shotgun for fingerprints to see if Otis Brandon ...
>
> A. No sir; I just secured the weapon, made sure that it was safe.
>
> Q. You don't know how the shotgun came to be there?
>
> A. No, sir, I do not.
>
> Q. You don't know how Mr. Brandon's picture I.D. came to be in that room, do you?
>
> A. No, sir, I do not.

> Q. No fingerprint tests were run on the I.D., were they?
>
> A. No, sir, not to my knowledge. I know that I did not run them.

Tr. 46. Based on the foregoing testimony, counsel during closing argument urged the Court to consider that "[n]o effort was made to see if they could tie the trailer or anything in the trailer to [Brandon]. In particular, no effort was made to do a fingerprint analysis on the shotgun to see if Mr. Brandon's fingerprints were on the shotgun. They would not have been." Tr. 64. Under these circumstances, the state court's rejection of Brandon's argument that his attorney rendered ineffective assistance by failing to cross-examination witnesses regarding the lack of fingerprint evidence was based on a reasonable determination of the facts and was in accord with applicable federal principles. Spencer, 18 F.3d at 233 (cross-examination of witnesses is a matter of trial strategy). Thus, that claim must also be denied here. Williams, 529 U.S. at 412-13.

In his fifth subclaim, Brandon contends that his representation was constitutionally deficient because his lawyer failed to question the date-stamp on the Commonwealth's photographs of the scene where the gun was found. Brandon theorizes that the three-hour difference between the time the police entered the trailer and the time stamped on the photographs casts doubt on an officer's testimony that the shotgun had not been moved. Pet. Memo. at 32 - 33. The state court denied habeas corpus relief on this argument for the following reasons:

> As to petitioner's claim A(5) where he says counsel failed to ask questions concerning the date and time stamp on the photographs, the claim is without merit. Trial counsel was aware of the photographs. Additionally, trial counsel had no basis to believe that any of the Officer's testimony concerning the location of any items was any different from what they testified to. (See Ex. 1, copy of affidavit). Moreover, trial counsel had expected Brandon's brother to testify that he had worn Brandon's jeans and has [sic] his identification card.

13

> (See Ex. 1, copy of affidavit). Trial counsel's strategy was sound, even though Brandon's brother did not testify in accordance with pre-trial investigation. Petitioner has demonstrated neither deficient performance nor prejudice.

Brandon v. Johnson, Order at ¶ 12.

In his sworn declaration, Brandon's counsel attested as follows:

> At pages 19-21, Brandon argues that there were no questions concerning the date and time stamped on the photographs. My investigation prior to trial had been that the shotgun and Brandon's ID were found in a back bedroom, along with a pair of his jeans. Brandon, however, was in a front room of the house when the police arrived. Additionally, as previously stated, Brandon's brother had again confirmed before the trial started that he was going to testify that he wore Brandon's jeans and the ID was in the jeans that he wore and that he had been in the back bedroom at the time. I had no basis to believe the Officers' testimony concerning the location of the items was false. Additionally, even if the items had been seized and moved prior to the photographs, I had no basis to believe that the Officer's testimony concerning the location of the items was any different from what they said. Deputy Eric Ingram testified that the photographs accurately represented how and where the shotgun, jeans and ID card were found.

Cargill Aff. ¶ 6. On this record, the state court's determination that Brandon's instant claim lacks merit was both factually reasonable and in accord with applicable federal authorities, Strickland, supra, so the same result must pertain here. Williams, 529 U.S. at 412-13.

In his final subclaim of ineffective assistance, Brandon alleges that counsel erred by failing to ask questions concerning the identification card. The state habeas court rejected this argument on the following holding:

> As to petitioner's claim A(6) that there were no questions asked concerning the location of the identification card, the claim is without merit. Trial counsel knew from his investigation prior to trial that the police would say that the identification card was found in the room with the shotgun. Additionally, counsel's investigation with Brandon

14

> and his brother confirmed that. Counsel had no basis to believe that the identification card was any other place than where the police testified. (See Ex. 1, copy of affidavit). Consequently, counsel's decision not to ask further questions about the identification card was sound based on his pre-trial investigation. Petitioner has demonstrated no deficient performance. Additionally, petitioner has not shown any prejudice. Even assuming that counsel could have asked further questions, petitioner has not demonstrated that the police's answer would have been any different. There is no merit to petitioner's claim.

Brandon v. Johnson, Order at ¶ 13.

In his sworn declaration on this point, counsel attested as follows:

> Brandon also alleges that I failed to ask any questions concerning the identification card. I knew from my investigation prior to trial that the Officer's would say that the ID card was found in the room with the shotgun. Additionally, my investigation with Brandon and his brother confirmed that. Brandon's brother was going to testify that he wore Brandon's jeans and left the jeans and ID card all in the back bedroom. When his actual testimony differed from what he had told me, that became very prejudicial to the defendant because of the change in the brother's testimony.

Cargill Aff. ¶ 7. Again, this resolution was a reasonable determination of the facts and comports with controlling federal authorities, Strickland, supra, so the claim also must be denied here. Williams, 529 U.S. at 412-13.

### B. Claim 3

In his third claim, which was exhausted on Brandon's direct appeal, he argues that the evidence adduced at trial was insufficient to sustain the conviction. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give

15

deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. See e.g., United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998). Instead, the federal court is bound by the credibility determinations made by the state court trier of fact. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

In its opinion issued on Brandon's direct appeal, the Virginia Court of Appeals determined as follows:

> 'A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony ... requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm.' Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E. 2d 138, 140 (1995). Under a theory of constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [firearm] and that it was subject to his dominion and control' Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).
>
> Appellant was the sole occupant of the residence at the time of the

> search. He was found in the room next to the bedroom with the gun. Appellant's shoes and identification card were also in the room with the gun not far from the firearm. The gun was in plain view in the bedroom. Appellant's witnesses denied having knowledge of the weapon, and appellant's brother emphasized he had not located appellant's identification, as appellant had opined.
>
> The trial court believed the Commonwealth's witnesses and rejected appellant's version of the events. 'The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of a firearm by a convicted felon.

Brandon v. Commonwealth at 2 - 3.

In this case, when the evidence discussed throughout this Opinion is viewed in the light most favorable to the prosecution, it is readily apparent that a rational trier of fact could have found Brandon guilty of possession of a firearm by a convicted felon beyond a reasonable doubt. Jackson, 443 U.S. at 319. Therefore, the state courts' rejection of Brandon's third claim was neither contrary to nor an unreasonable application of that applicable federal law, and federal relief on this argument likewise must be denied. Williams, 529 U.S. at 412-13. As petitioner thus has stated no meritorious claim for habeas corpus relief, respondent's Motion to Dismiss this petition must be granted.

### C. Petitioner's Motions

In addition to respondent's Motion to Dismiss the habeas corpus application, also pending are motions by petitioner to grant the writ, to order an evidentiary hearing, and for the appointment of counsel. For the reasons already discussed, petitioner's claims for § 2254 relief are without merit, and his motion to grant the writ must be denied.

the writ must be denied.

As to petitioner's motion to compel the Commonwealth to provide him with copies of the attachments filed with respondent's Rule 5 Answer and Motion to Dismiss, no attachments were included with those pleadings. Instead, as is customary, counsel for respondent requested the various Virginia courts involved in petitioner's prosecution to send their original records to this Court for its review. Nonetheless, in response to petitioner's motion to compel, counsel as an act of courtesy supplied copies of all relevant briefs, orders and transcripts to petitioner. See Docket # 18. Accordingly, petitioner's motion to compel the production of copies will be denied, as moot.

As to petitioner's motion to order an evidentiary hearing, it is apparent at this juncture that petitioner's claims can be thoroughly addressed on the existing record, and because he is not otherwise entitled to evidentiary development of his claims, the motion for an evidentiary hearing will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006); Green v. Johnson, 431 F.Supp.2d 601, 608-17 (E.D. Va. 2006).

Lastly, as to petitioner's motion for appointment of counsel, there is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(2)(B), but the Rules Governing § 2254 Cases provide that such occasions occur only when counsel is "necessary for effective utilization of discovery procedures" (Rule 6(a)) or "[i]f an evidentiary hearing is required"

18

(Rule 8(c)). Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Here, as is by now apparent, an evidentiary hearing is not required to review the claims presented in this petition, and no exceptional circumstances requiring petitioner's representation have been shown to exist. Therefore, petitioner's Motion for Appointment of Counsel must be denied.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for §2254 relief will be dismissed. In addition, petitioner's motions to compel the Commonwealth to provide him with copies, to grant the writ, to order an evidentiary hearing, and for the appointment of counsel will be denied. An appropriate Order shall issue.

Entered this 14th day of August 2009.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge